IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ANDRE D. JONES,

                    Plaintiff,

          v.                         CASE NO.  12-3125-SAC

CORRECTIONS CORPORATION
OF AMERICA,

                    Defendant.

O R D E R

     This civil complaint was mailed to the court by Mr. Jones from
the Leavenworth Detention Center, Leavenworth, Kansas (LDC), which
is owned and operated by Corrections Corporation of America (CCA).[1]
The court finds that plaintiff's complaint is defective for several
reasons including that he fails to state a claim in federal court
against the CCA and its employees.  Plaintiff is given time to cure
the defects or suffer dismissal of this action.


**ALLEGATIONS**

     As the factual basis for this complaint, Mr. Jones alleges as
follows.  On April 30, 2012, he was placed in "Segregation Unit
Shower # 5 for booking."  He was told he had two disciplinary
reports that he never received.  He stood in the shower for 4 hours
and 24 minutes.  His requests for a seat were refused by "CCA staff"
Presto.  After 3 hours, he showed his left knee to Presto and

---

     [1]     The inmate locator on the Bureau of Prisons' website indicates that
Mr. Jones was released from federal custody on September 10, 2010; and does not
reflect that he is currently back in federal custody.  Mr. Jones must inform the
court in his new complaint whether he is currently at the LDC due to new federal
charges, a supervised release violation, or for some other reason.

requested medical attention because it was swollen to twice its normal size. His two requests were denied. His back and knee were injured as a result of this "punishment." He was placed in a segregation cell from May 1 to May 4, 2012. He was never given a hearing on his DR or a reason. He was "seen by medical" on May 7, 2012.

Plaintiff does not specify what relief he seeks. He is required to submit his complaint upon forms. In his form complaint, he must set forth what relief he is asking the court to order.

## SUPPLEMENTS

Plaintiff has submitted a "to whom it may concern" statement to the court in this case, which was liberally construed and docketed as a Supplement to his complaint (Doc. 2). His "Judicial Notice of Appendix" (Doc. 3)[2] and another letter to the Clerk of the Court (Doc. 4) have also been considered as supplemental material. Plaintiff is directed to place the caption and case number on all papers he sends to the court in connection with this case. He is also informed that he may not add claims to his complaint by simply submitting letters or statements with additional allegations. Plaintiff is not required to serve the defendants with materials he files unless and until this matter survives screening. Other than rulings regarding materials plaintiff has submitted, the court cannot provide legal assistance to one party in a lawsuit as

---

[2]     This appears to be a submission of exhibits in support of plaintiff's claims. However, inside this "notice" plaintiff appears to request court permission "to secure witness statement in person" of two witnesses. This is not a proper motion, and even if it were construed as a proper motion, no factual or legal basis is stated that would entitle plaintiff to this action by the court. Plaintiff must show that he has a valid claim in federal court before he will be required to present either exhibits or witness statements.

plaintiff requests, even when that party is pro se.[3]

**FILING FEE**

The statutory fee for filing a civil rights complaint in federal court is $350.00. Plaintiff has neither paid the fee nor submitted an Application to Proceed Without Prepayment of Fees. In order for this action to proceed, Mr. Jones must satisfy the filing fee in one of these two ways. He is forewarned that under 28 U.S.C. § 1915(b)(1), being granted leave to proceed without prepayment of fees does not relieve a plaintiff of the obligation to pay the full amount of the filing fee. Instead, it entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).[4] Motions to proceed without prepayment of fees must be submitted upon court-approved forms.

Furthermore, § 1915 requires that the prisoner seeking to proceed without prepayment submit with his motion a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. §

---

[3]     Plaintiff may file a motion for appointment of counsel. However, he must file a separate motion with the case caption and the title "Motion for Appointment of Counsel" on the first page. He is advised however that there is no right to assistance of counsel in a civil action. Moreover, it appears that his claim is subject to being dismissed upon screening. The court cannot recommend lawyers for plaintiff to contact. However, plaintiff may contact the Kansas Bar Association for a list of lawyers or Legal Services for Prisoners.

[4]     Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is currently confined will be authorized to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

1915(a)(2). In addition, § 1915(b)(1), requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. The court will determine the appropriate assessment in this case once it receives plaintiff's financial information. Plaintiff is given time to satisfy these filing fee prerequisites. If he fails to do so within the time allotted, this action may be dismissed without further notice.

## COMPLAINT NOT ON FORMS

Local court rule requires that a civil complaint be submitted upon court-approved forms. D.Kan. Rule 9.1(a). Mr. Jones will be given time to submit his complaint upon forms provided by the court that will be sent to him with a copy of this order. If he fails to comply within the time allotted, this action may be dismissed without further notice.

## SCREENING

Because Mr. Jones is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

## DEFECTS IN COMPLAINT

Pro se litigants are not excused from adherence to the Federal Rules.  Under Rule 10 of the Federal Rules of Civil Procedure all parties must be named in the caption of the complaint.  This is a basic pleading requirement with which even a pro se litigant can and must comply, particularly after the deficiency is pointed out by the court and the litigant is given the opportunity to cure the deficiency.  If such basic requirements are not met at the start of a lawsuit, service and notice problems inevitably follow.

In his complaint submitted upon forms, plaintiff must name all defendants he intends to sue in the caption and provide the information required for each named defendant.  He must also refer to each defendant again in the body of the complaint and describe that defendant's personal participation in the allegedly unconstitutional acts.

Even though plaintiff claims violation of his federal constitutional rights and this court has jurisdiction over constitutional claims, to proceed in federal court he must also allege a cause of action that would entitle him to relief from the named defendants.  It is settled law that an inmate does not have a cause of action in federal court under either *Bivens* or 42 U.S.C. § 1983 against the CCA, because it is a private corporate entity.  In *Correctional Services Corporation v. Malesko*, 534 U.S. 61 (2001), a federal prisoner sued Correctional Services Corporation ("CSC"), a private corporation under contract with the Bureau of Prisons to house federal prisoners and detainees.  *See id.* at 63–64.  While Malesko was in CSC custody, CSC employees forced him to climb stairs to his fifth floor living quarters even though he had a known heart condition.  *See id.* at 64.  Malesko had a heart attack, fell, and

5

sustained serious injuries. *See id.* Malesko brought a Bivens action against CSC for actual and punitive damages. *See id.* The Supreme Court refused to extend *Bivens* to claims against private entities. *See id.* at 66. They reasoned that imposing liability in a federal cause of action against private prison facilities is a question for Congress, not the courts, to decide. *See id.* at 72. In short, because the CCA is a private entity, and Bivens and Section 1983 do not extend to private entities, plaintiff has failed to state a claim upon which relief can be granted in federal court as against the CCA. His recourse against this private corporation is in state court.

The Supreme Court's recent decision in *Minneci v. Pollard*, 132 S.Ct. 617 (2012) requires a similar result with regard to plaintiff's claims, if any, against individual CCA employees. *Id.* at 624. Mr. Jones's allegations against any CCA employee fail to state a claim under § 1331 and § 1983. *Id.; see also Peoples v. CCA Detention Centers*, 422 F.3d 1090, 1108 (10th Cir. 2005)(The Tenth Circuit had previously held that "under Malesko, federal prisoners have no implied right of action for damages against an employee of a privately operated prison under contract with the United States Marshals Service when state or federal law affords the prisoner an alternative cause of action for damages for the alleged injury."); *Lindsey v. Bowlin*, 557 F.Supp.2d 1225, 1231 (D.Kan. 2008). Adequate tort remedies are available in the state courts for claims against employees of private corporations like the CCA.

For the foregoing reasons, the court finds that plaintiff's claims are subject to dismissal under the statutory directive that a district court shall dismiss, at any time, any portion of a

prisoner complaint that fails to state a claim. 28 U.S.C. § 1915A(b)(1); 28 U.S.C. § 1915(e)(2)(B)(ii). Mr. Jones is given time to show cause why his claims should not be dismissed, without prejudice, for the reasons stated herein.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is granted thirty (30) days in which to satisfy the filing fee by either paying the fee in full or submitting a properly supported motion to proceed without prepayment of fees.

**IT IS FURTHER ORDERED** that within the same thirty-day period plaintiff must submit his complaint upon court-provided forms, cure the deficiencies discussed herein, and show cause why this action should not be dismissed for failure to state a claim in federal court.[5]

The clerk is directed to send plaintiff forms for filing an IFP motion and a § 1331 complaint.

**IT IS SO ORDERED.**

Dated this 8th day of June, 2012, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

---

[5]    Plaintiff must write the case number of this case, 12-3125, on the first page of his new form complaint.